IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT OSBORNE, :
:
    Petitioner :
: CIVIL NO. 3:CV-10-2079
  v. :
: (Judge Caputo)
WARDEN DAVID EBBERT, :
:
    Respondent :

M E M O R A N D U M

I.    Introduction

Petitioner, Vincent Osborne, a federal prisoner confined at the Federal Correctional Institution in Allenwood, Pennsylvania, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Osborne is serving a sentence imposed by the United States District Court for the District of Massachusetts. He argues his sentence is illegal as it was improperly enhanced by a prior conviction for escape from custody. He contends that while an escape conviction was previously considered a *per se* crime of violence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), it no longer qualifies as such under the Fourth Circuit Court of Appeals decision in *United States v. Bethea*, 603 F.3d 254 (4th Cir. 2010) which

follows the United States Supreme Court's decision in *Chambers v. United States*, __ U.S. ____, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009).[1]

Upon review of the petition, the Court will dismiss it without prejudice to Mr. Osborne filing a motion under 28 U.S.C. § 2255 in the sentencing Court.

II.     **Background**

On September 23, 1997, a jury convicted Mr. Osborne of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced the same day as a career offender under the ACCA to a term of 15 years in prison. *United States v. Osborne,* 164 F.3d 626 (4th Cir. 1998) (unpublished table decision).

In early January 1999, Mr. Osborne sent a letter request to the sentencing court suggesting he was improperly sentenced under the ACCA as he does not stand convicted of three predicate violent felonies. The Court advised Petitioner that aside from his two admitted burglary convictions, his "escape from custody is documented" and "is a qualifying prior serious felony under the Armed Career

---

[1] In *Chambers* the United States Supreme Court held that certain types of escapes are not violent felonies within the meaning of the ACCA. The Court distinguished passive "failure to report" incidents, including failure to report to a penal institution, failure to report for periodic imprisonment, failure to return from furlough, and failure to return from work or day release, from aggressive behavior more likely to involve risk of physical harm underlying an escape from custody. *Chambers,* __ U.S. at ___, 129 S.Ct. at 691. In *Bethea*, 603 F.3d 254, 255 (4th Cir. 2010), the Fourth Circuit Court of Appeals held that in light of *Chambers*, "a conviction under South Carolina's escape statute did not inherently constitute a violent felony" and vacated the petitioner's sentence and remanded the matter to the sentencing court to determine whether defendant's "conviction necessarily involves the type of violent conduct contemplated by the ACA." Vincent Osborne seeks similar relief via his present habeas petition.

-2-

Criminal Act." *See* Doc. 1, Pet. at p. 9.[2]

On March 9, 1999, the Fourth Circuit Court of Appeals affirmed his conviction. *United States v. Osborne*, 173 F.3d 853 (4th Cir. 1999)(unpublished table decision). Mr. Osborne then filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, which was denied. He then filed an appeal with the Fourth Circuit Court of Appeals, but later voluntarily withdrew it pursuant to Fed. R. A. P. 42(b). *See Osborne v. United States*, No. 00-6484 (4th Cir. May 11, 2000).

Petitioner filed the instant habeas petition for writ of habeas corpus on October 7, 2010, pursuant to 28 U.S.C. § 2241. He argues that his prior escape from custody conviction is not a "violent felony" under the ACCA. Consequently, he claims his present sentence is illegal because he has not incurred three prior violent felonies or serious drug offenses necessary to be sentenced under the ACCA.

### III. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241 petitions through Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Court). See, e.g., *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D.Pa. 1979) (explaining that Rule 4 is

---

[2] This letter illustrates what convictions the sentencing court's relied upon when deciding to sentence him under the ACCA.

"applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the court that imposed the sentence. *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence"). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions under § 2255.

A narrow exception, or "safety valve," exists to this general rule if the petitioner can demonstrate that the remedy provided by § 2254 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Manna v. Schultz*, 591 F.3d 664 (3d Cir. 2010); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). While a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective simply because the sentencing court denied relief, the one-year statute of limitations has expired, or the petitioner is unable to meet § 2255's gate keeping requirements. *Cradle v. United* States, 290 F.3d 536, 538-39 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

-4-

proceeding from affording him a full hearing and adjudication on his wrongful detention claim." *Id*. at 538; *see also In re Dorsainvil*, 119 F.3d at 248-52 (construing "inadequate or ineffective" provision of § 2255). The "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those where a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251); *Gray v. United States*, 385 F. App'x. 160, 163 (3d Cir. 2010). Thus, Petitioner cannot invoke § 2241 simply because he has already filed a § 2255 motion and may find another one procedurally barred. *See* 28 U.S.C. § 2255(h); *Cradle* 290 F.3d at 539. It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a § 2241 habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. *Cradle*, 290 F.3d at 538-39. Ultimately, if a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x. 179, 180 (3d Cir. 2007) (per curiam) (nonprecedential).

Petitioner's challenge to his sentence is within the scope of claims cognizable under § 2255 and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective. The Court does not find Mr. Osborne's situation the rare one rending § 2255 inadequate or ineffective entitling him to resort to seeking habeas relief under 28 U.S.C. § 2241. He has already filed a § 2255

motion regarding his firearms conviction, thus that remedy has proven to be an effective and adequate means of challenging the legality of his detention. Next, to be clear, Mr. Osborne does not contend that, as a result of a new Supreme Court decision issued subsequent to the filing of his original § 2255 motion, his firearms conviction no longer entails conduct which is now unlawful. See *In re Dorsainvil*, 119 F.3d at 251. Mr. Osborne strictly seeks relief from being sentenced under the ACCA based upon new caselaw developed in the United States Supreme Court, and more recently embraced by the Fourth Circuit Court of Appeals, which suggest his "escape from custody" conviction may no longer qualifies as a violent felony for the purposes of the ACCA. Clearly such a challenge can and must be pursued via a § 2255 motion and not a § 2241 petition.[3] *See DeFilippo v. Sniezak*, No. 10-2301, 2010 WL 3965893 (3d Cir. Oct. 12, 2010)(petitioner seeking to challenge qualification of underlying felonies for the purpose of ACCA sentence enhancement could not proceed under § 2241 but must file § 2255 motion). Additionally, Vincent Osborne does not state in his petition that he did in fact request permission from the Fourth Circuit Court of Appeals for leave to file a second or successive application for relief under § 2255 to raise such a claim. Thus, there remains the possibility that Mr. Osborne would be granted permission by the Fourth Circuit Court of Appeals to file a successive § 2255 motion, if appropriate.

---

[3] Once relief is sought via § 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request or relief is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Reliance on the process for pursuing second and successive motions to correct sentence under 28 U.S.C. § 2255 is particularly appropriate here given the nature of the claims in this petition. To the extent that the petitioner seeks to set aside his Armed Career Criminal status, and obtain a re-sentencing by challenging whether his prior escape from custody conviction qualifies as a crime of violence for sentencing purposes, it is evident that his request, if successful, may call for further fact-finding by the sentencing judge.  See *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009)(remanding similar ACCA claim challenging state simple assault conviction for further proceedings before the sentencing judge).  Thus, the sentencing issue framed by this petition is one uniquely within the purview of the sentencing judge, and one which is also uniquely susceptible to resolution through a motion to correct sentence under § 2255.

Consequently, this Court will dismiss this § 2241 petition for lack of jurisdiction, but without prejudice to Mr. Osborne to take whatever action he deems appropriate under § 2255 to preserve and present this issue in a second or successive motion to correct his sentence.

An appropriate Order follows.

                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**

**Dated: December 9th, 2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT OSBORNE, | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-10-2079 |
| v. | : |
| | : (Judge Caputo) |
| WARDEN DAVID EBBERT, | : |
| Respondent | : |

# O R D E R

**NOW**, this **9th** day of **DECEMBER, 2010,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice to any right Mr. Osborne may have to request the Fourth Circuit Court of Appeals for an order authorizing the United States District Court for the District of Massachusetts to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. The Clerk of Court is directed to close this case.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**